**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

2/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Bluestem Brands, Inc.** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | **FDBA  Fingerhut Direct Marketing, Inc.**<br>**FDBA  Northstar Merger Sub Inc.**<br>**DBA  Fingerhut**<br>**DBA  Gettington.com**<br>**DBA  PayCheck Direct** |
| 3. | Debtor's federal Employer Identification Number (EIN) | **61-1425164** |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **7075 Flying Cloud Drive**<br>**Eden Prairie, MN 55344**<br>Number, Street, City, State & ZIP Code | _____<br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Hennepin**<br>County | Location of principal assets, if different from principal place of business |
| | _____<br>Number, Street, City, State & ZIP Code |

5. Debtor's website (URL)    **www.bluestem.com**

6. Type of debtor

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Bluestem Brands, Inc.**                                    Case number (*if known*) _____
      Name

**7.** **Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    **4541**

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **See Rider 1** | Relationship | **Affiliate** |
| District | **District of Delaware** | When | Case number, if known |

| Debtor | **Bluestem Brands, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

      Contact name _____

      Phone _____

---

**◼ Statistical and administrative information**

**13. Debtor's estimation of available funds**

. *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ■ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ■ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ■ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **Bluestem Brands, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    03/09/2020
MM / DD / YYYY

**X**    */s/ Neil P. Ayotte*
Signature of authorized representative of debtor

**Neil P. Ayotte**
Printed name

Title    **Executive Vice President, General Counsel and Secretary**

**18. Signature of attorney**

**X**    */s/ M. Blake Cleary*
Signature of attorney for debtor

Date    03/09/2020
MM / DD / YYYY

**M. Blake Cleary**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 North King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **302-571-6600**    Email address    **mbcleary@ycst.com**

**3614 DE**
Bar number and State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____
District of Delaware
(State)

Case number *(if known):* _____    Chapter ___11___

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to this chapter 11 case of Debtor Bluestem Brands, Inc.

| |
|---|
| Bluestem Brands, Inc. |
| Orchard Brands Corporation |
| Bluestem Sales, Inc. |
| Bluestem Enterprises, Inc. |
| Bluestem Fulfillment, Inc. |
| Draper's & Damon's LLC |
| Blair LLC |
| Appleseed's Holdings, Inc. |
| Orchard Brands Sales Agency, LLC |
| Home Forever LLC |
| Gold Violin LLC |
| Johnny Appleseed's, Inc. |
| Haband Company LLC |
| Orchard Brands International, Inc. |
| Value Showcase LLC |
| Wintersilks, LLC |
| Norm Thompson Outfitters LLC |
| Northstar Holdings Inc. |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLUESTEM BRANDS, INC., *et al.*,[1] | Case No. 20-_____ (   ) |
| Debtors. | Joint Administration Requested |

**CONSOLIDATED LIST OF EQUITY INTEREST HOLDERS AND**
**CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**BANKRUPTCY RULES 1007(a)(1) 1007((a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3),  and 7007.1 of the Federal Rules of Bankruptcy

Procedure, the above-captioned debtors and debtors in possession (each, a "Debtor") hereby state

as follows:

1.   Bluestem Group Inc., whose address is 7075 Flying Cloud Drive, Eden Prairie,
     MN 55344, owns 100% of the equity interests in Debtor Northstar Holdings Inc.

2.   Northstar Holdings Inc., whose address is 7075 Flying Cloud Drive, Eden Prairie,
     MN 55344, owns 100% of the equity interests in Debtor Bluestem Brands, Inc.

3.   Bluestem Brands, Inc., whose address is 7075 Flying Cloud Drive, Eden Prairie,
     MN 55344, owns 100% of the equity interests in the following Debtors:

     a)   Bluestem Enterprises, Inc.;

     b)   Bluestem Fulfillment, Inc.;

     c)   Bluestem Sales, Inc.; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Bluestem Brands, Inc. (5164); Appleseed's Holdings, Inc. (9117); Blair LLC (1670); Bluestem Enterprises, Inc. (1237); Bluestem Fulfillment, Inc. (5931); Bluestem Sales, Inc. (1539); Draper's & Damon's LLC (2759); Gold Violin LLC (0873); Haband Company LLC (8496); Home Forever LLC (2324); Johnny Appleseed's, LLC (5560); Norm Thompson Outfitters LLC (8344); Northstar Holdings Inc. (6823); Orchard Brands Corporation (6322); Orchard Brands International, Inc. (8962); Orchard Brands Sales Agency, LLC (8855); Value Showcase LLC (2920); WinterSilks, LLC (0688).  The service address for each of the above Debtors is 7075 Flying Cloud Drive, Eden Prairie, MN 55344.

26089741.1

                    d)  Orchards Brands Corporation.

4.       Orchard Brands Corporation, whose address is 7075 Flying Cloud Drive, Eden Prairie, MN 55344, owns 100% of the equity interests in the following Debtors:

          a)  Appleseed's Holdings, Inc.

          b)  Blair LLC;

          c)  Draper & Damon's LLC;

          d)  Haband Company LLC;

          e)  Home Forever LLC;

          f)  Orchard Brands International, Inc.; and

          g)  Orchard Brands Sales Agency, LLC.

5.       Blair LLC, whose address is 7075 Flying Cloud Drive, Eden Prairie, MN 55344, owns 100% of the equity interests in Debtor Gold Violin LLC.

6.       Appleseed Holdings, Inc., whose address is 7075 Flying Cloud Drive, Eden Prairie, MN 55344, owns 100% of the equity interests in Debtor Johnny Appleseed's, Inc.

7.       Johnny Appleseed's, Inc., whose address is 7075 Flying Cloud Drive, Eden Prairie, MN 55344, owns 100% of the equity interests in the following Debtors:

          a)  Norm Thompson Outfitters LLC;

          b)  Value Showcase LLC; and

          c)  Wintersilks, LLC.

**OMNIBUS RESOLUTIONS OF THE BOARD OF DIRECTORS AND SOLE
MEMBERS OF NORTHSTAR HOLDINGS INC. AND
CERTAIN OF ITS DIRECT AND INDIRECT SUBSIDIARIES**

**(as duly adopted on March 8, 2020)**

The undersigned, being all of the members of the board of directors and/or the sole members, as applicable (each, an "**Authorizing Body**", and collectively, the "**Authorizing Bodies**"), as applicable, of each of the entities listed on **Exhibit A** hereof (each, a "**Company**" and collectively, the "**Companies**"), by their signatures below or on a counterpart hereof, in lieu of holding a meeting of the Authorizing Bodies, hereby take the following actions and adopt the following resolutions by unanimous written consent, pursuant to the bylaws or limited liability company agreement, as applicable (each, an "**Operating Agreement**"), of each Company and the applicable laws of the jurisdiction in which such Company is organized.

WHEREAS, each Authorizing Body has considered presentations by management and the financial and legal advisors of each of the Companies regarding the liabilities and liquidity situation of each of the Companies, the strategic alternatives available to it, and the effect of the foregoing on each Company's business;

WHEREAS, each Authorizing Body discussed the foregoing with management and the financial and legal advisors of each of the Companies and each Authorizing Body has fully considered each of the strategic alternatives available to it and has determined, in the judgment of each Authorizing Body, that the following resolutions are in the best interests of each Company and their respective stakeholders; and

WHEREAS, each Authorizing Body has had the opportunity to consult with the financial and legal advisors of the Companies and assess the considerations related to the commencement of chapter 11 cases under title 11 of the United States Code (the "**Bankruptcy Code**"), including materials provided by the financial and legal advisors, and each Authorizing Body recommends the adoption of these resolutions.

NOW, THEREFORE, BE IT:

I.   Chapter 11 Filing

RESOLVED, that in the business judgment of each Authorizing Body, it is desirable and in the best interests of each Company (including a consideration of its creditors and other parties in interest) that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (each a "**Chapter 11 Case**" and collectively the "**Chapter 11 Cases**") under the provisions of Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"); and

FURTHER RESOLVED, that the Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, General Counsel, any Executive Vice President, Mr. Thomas L. Fairfield, Mr. Neil Ayotte, Mr. Robert Warshauer, [•], and each of their respective designees, and any other duly authorized officer of each Company and (collectively, the "**Authorized Signatories**"), acting

alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of each Company's business or in relation to the Chapter 11 Cases.

FURTHER RESOLVED, that, to the extent applicable, the Operating Agreement of each Company, effective as of March 8, 2020, be, and it hereby is, amended by the addition thereto of a new section, which reads as follows:

Bankruptcy. Notwithstanding any provision of this Operating Agreement to the contrary, to the fullest extent permitted by law, no member of the Company shall dissociate or withdraw from the Company as a member or otherwise cease to be a member of the Company, or be deemed to have dissociated or withdrawn from the Company as a member or otherwise ceased to be a member of the Company, in each case as a consequence of the Bankruptcy of such member, and the Company shall not dissolve upon the Bankruptcy of a member. As used in this paragraph, "**Bankruptcy**" means that a member makes an assignment for the benefit of creditors; files a voluntary petition in bankruptcy; is adjudged a bankrupt or insolvent, or has entered against itself an order for relief, in any bankruptcy or insolvency proceeding; files a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any law; files an answer or other pleading admitting or failing to contest the material allegations of a petition filed against it in any proceeding of the foregoing nature; or seeks, consents to, or acquiesces in the appointment of a trustee, receiver, or liquidator of such member, or of all or any substantial part of its assets.

II.    Retention of Professionals

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ the law firm of Kirkland & Ellis LLP, as each Company's counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies, including filing any motions, objections, replies, applications, or pleadings and conducting any potential sale process on behalf of the Company; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable law;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ the law firm of Young Conaway Stargatt & Taylor, LLP ("**Young Conaway**"), as each Company's counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies, including filing any motions, objections, replies, applications, or pleadings and conducting any potential sale process on behalf of the Company; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized,

empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain Young Conaway in accordance with applicable law;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ the firm of Prime Clerk LLC ("**Prime Clerk**") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ the firm FTI Consulting, Inc. ("**FTI**"), as financial advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of FTI;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ the firm Raymond James & Associates, Inc. ("**Raymond James**") as investment banker to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of Raymond James;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ the firm Imperial Capital LLC ("**Imperial**"), as Chief Restructuring Officer to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of Imperial;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, proper or convenient; and

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, with the power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

III.    <u>Cash Collateral, Debtor in Possession Financing, and Adequate Protection</u>

RESOLVED FURTHER, that in the judgment of each Authorizing Body, it is desirable and in the best interests of each Company, their respective creditors and other parties in interest, that each Company shall be, and hereby is, authorized to obtain senior secured superpriority post-petition financing (the "**DIP Financing**") on the terms and conditions of the proposed debtor in possession financing agreement or term sheet between the Companies, as borrowers or guarantors, as applicable, the financial institutions from time to time party thereto as lenders (the "**DIP Lenders**"), the administrative agent and collateral agent (in such capacities, the "**DIP Agent**"), and other agents and entities from time to time party thereto, substantially in the form presented to each Authorizing Body on or in advance of the date hereof, with such changes, additions, and modifications thereto as any Authorizing Body executing the same shall approve, such approval to be conclusively evidenced by an Authorized Signatory's execution and delivery thereof and to grant to the DIP Agent for itself and for the benefit of the DIP Lenders liens on substantially all of the Companies' assets with priority under Bankruptcy Code sections 364(c) and (d);

RESOLVED FURTHER, that the Companies will obtain benefits from the use of collateral, including cash collateral, as that term is defined in Bankruptcy Code section 363(a) (the "**Cash Collateral**"), which is security for certain prepetition secured lenders (collectively, the "**Secured Lenders**") that are party to that certain Prepetition Term Loan Credit Agreement;

RESOLVED FURTHER, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with Bankruptcy Code, the Companies will provide certain adequate protection to the Secured Lenders (the "**Adequate Protection Obligations**"), as documented in a proposed interim DIP order substantially in the form presented to each Authorizing Body on or in advance of the date hereof, with such changes, additions, and modifications thereto as any Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by an Authorized Signatory's execution and delivery thereof (the "**Interim DIP Order**") to be submitted for approval to the Bankruptcy Court;

RESOLVED FURTHER, that the form, terms, and provisions of the Interim DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, ratified, and approved, and each Authorized Signatory be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty

agreement (collectively with the Interim DIP Order, the "**DIP Documents**"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof presented to each Authorizing Body on or in advance of the date hereof, with such changes, additions, and modifications thereto as any Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by an Authorized Signatory's execution and delivery thereof;

RESOLVED FURTHER, that each Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to negotiate and incur the Adequate Protection Obligations, grant liens, make periodic payments, and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "**Adequate Protection Transactions**");

RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, authorized and directed, and empowered in the name of, and on behalf of, each Company, as debtor and debtor-in-possession, to take such actions as in his or her reasonable discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "**Adequate Protection Documents**"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document;

RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "**UCC**") financing statements, any other equivalent filings, any intellectual property filings and recordations and any necessary assignments for security or other documents in the name of each Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case, as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the Interim DIP Order; and

RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of adequate protection, appropriate fees and expenses payable in connection with the Adequate Protection Transactions and appropriate fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in his or her sole judgement be necessary, proper, or advisable to perform any obligations of the Companies under or in connection with the Interim DIP Order or any of the other

Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

IV.    General Resolutions

NOW, THEREFORE, BE IT RESOLVED, that the Authorized Signatories of each of the Companies be, and each of them hereby is, authorized, empowered, and directed to execute, acknowledge, verify, deliver, and file any and all such other agreements, documents, instruments, and certificates and to take such other actions as may be necessary, proper, or appropriate in order to carry out the intent and purposes of the foregoing resolutions;

NOW, THEREFORE, BE IT RESOLVED, that the Authorized Signatories of each of the Companies be, and each of them hereby is, authorized, empowered, and directed to incur and pay or cause to be paid all fees and expenses associated with or arising out of the actions authorized herein and to take such other actions as may be necessary, proper, or appropriate in order to carry out the intent and purposes of the foregoing resolutions;

NOW, THEREFORE, BE IT RESOLVED, that the Authorized Signatories of each of the Companies be, and each of them hereby is, authorized, empowered, and directed to engage such persons as any Authorized Signatory shall in their sole discretion deem necessary or desirable to carry out fully the intent and purposes of the foregoing resolutions and each of the transactions contemplated thereby, and to take such other actions as may be necessary, proper, or appropriate in order to carry out the intent and purposes of the foregoing resolutions;

FURTHER RESOLVED, that any and all actions heretofore or hereafter taken and expenses incurred in the name of and on behalf of each Company by any officer, director, or other Authorized Signatory of the Company in connection with or related to the matters set forth or contemplated by the foregoing resolutions be, and they hereby are, approved, ratified, and confirmed in all respects as fully as if such actions had been presented to the Authorizing Bodies for approval prior to such actions being taken; and

FURTHER RESOLVED, that an Authorized Signatory of the Company is hereby authorized to certify to third parties with respect to adoption of these resolutions in the form and substance satisfactory to them.

The undersigned agree that this Omnibus Action by Unanimous Written Consent shall be added to the corporate records of each Company and made a part thereof, and the undersigned further agree that the resolutions set forth hereinabove shall have the same force and effect as if adopted at a meeting duly noticed and held called and constituted, pursuant to each Company's Operating Agreement and the applicable laws of the jurisdiction in which such Company is organized.  Facsimile, scanned, or electronic signatures shall be acceptable as originals.

*    *    *    *    *

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

**Appleseed's Holdings, Inc.**
**Bluestem Brands, Inc.**
**Bluestem Enterprises, Inc.**
**Bluestem Fulfillment, Inc.**
**Bluestem Sales, Inc.**
**Johnny Appleseed's, Inc.**
**Orchard Brands Corporation**
**Orchard Brands International, Inc.**


Name:  Timothy D. Boates
Director

**Appleseed's Holdings, Inc.**
**Bluestem Brands, Inc.**
**Bluestem Enterprises, Inc.**
**Bluestem Fulfillment, Inc.**
**Bluestem Sales, Inc.**
**Johnny Appleseed's, Inc.**
**Northstar Holdings Inc.**
**Orchard Brands Corporation**
**Orchard Brands International, Inc.**

Name:  Thomas L. Fairfield
Director

**Appleseed's Holdings, Inc.**
**Bluestem Brands, Inc.**
**Bluestem Enterprises, Inc.**
**Bluestem Fulfillment, Inc.**
**Bluestem Sales, Inc.**
**Johnny Appleseed's, Inc.**
**Orchard Brands Corporation**
**Orchard Brands International, Inc.**

Name:  Barry L. Kasoff
Director

**Blair LLC**

Name: Neil P. Ayotte
Title:  As EVP, General Counsel, and Secretary of
Orchard Brands Corporation, the sole member of
Blair LLC

**Draper's & Damon's LLC**

Name: Neil P. Ayotte
Title:  As EVP, General Counsel, and Secretary of
Orchard Brands Corporation, the sole member of
Draper's & Damon's LLC

**Haband Company LLC**

Name: Neil P. Ayotte
Title:  As EVP, General Counsel, and Secretary of
Orchard Brands Corporation, the sole member of
Haband Company LLC

**Value Showcase LLC**

Name: Neil P. Ayotte
Title:  As EVP, General Counsel, and Secretary of
Johnny Appleseed's, Inc., the sole member of Value
Showcase LLC

**Gold Violin LLC**

_____
Name: Bruce M. Cazenave
Title:   As President and Chief Executive Officer of
Blair LLC, the sole member of Gold Violin LLC

**Home Forever LLC**

_____
Name: Bruce M. Cazenave
Title:   As President and Chief Executive Officer of
Orchard Brands Corporation, the sole member of
Home Forever LLC

**Norm Thompson Outfitters LLC**

_____
Name: Bruce M. Cazenave
Title:   As President and Chief Executive Officer of
Johnny Appleseed's, Inc., the sole member of Norm
Thompson Outfitters LLC

**Orchard Brands Sales Agency, LLC**

_____
Name: Bruce M. Cazenave
Title:   As President and Chief Executive Officer of
Orchard Brands Corporation, the sole member of
Orchard Brands Sales Agency, LLC

**Wintersilks, LLC**

_____
Name: Bruce M. Cazenave
Title:   As President and Chief Executive Officer of
Johnny Appleseed's, Inc., the sole member of
Wintersilks, LLC

Exhibit A

**The Companies**

| Company | Jurisdiction | Managing Body |
|---|---|---|
| Appleseed's Holdings, Inc. | Delaware | Board of Directors |
| Blair LLC | Delaware | **Sole Member**: Orchard Brands Corporation |
| Bluestem Brands, Inc. | Delaware | Board of Directors |
| Bluestem Enterprises, Inc. | Delaware | Board of Directors |
| Bluestem Fulfillment, Inc. | Delaware | Board of Directors |
| Bluestem Sales, Inc. | Delaware | Board of Directors |
| Draper's & Damon's LLC | California | **Sole Member**: Orchard Brands Corporation |
| Gold Violin LLC | Delaware | **Sole Member**: Blair LLC |
| Haband Company LLC | Delaware | **Sole Member**: Orchard Brands Corporation |
| Home Forever LLC | Delaware | **Sole Member**: Orchard Brands Corporation |
| Johnny Appleseed's, Inc. | Massachusetts | Board of Directors |
| Norm Thompson Outfitters LLC | Delaware | **Sole Member**: Johnny Appleseed's, Inc. |
| Northstar Holdings Inc. | Delaware | Board of Directors |
| Orchard Brands Corporation | Delaware | Board of Directors |
| Orchard Brands International, Inc. | Delaware | Board of Directors |
| Orchard Brands Sales Agency, LLC | Delaware | **Sole Member**: Orchard Brands Corporation |
| Value Showcase LLC | Delaware | **Sole Member**: Johnny Appleseed's, Inc. |
| Wintersilks, LLC | Florida | **Sole Member**: Johnny Appleseed's, Inc. |

Debtor Bluestem Brands, Inc.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name: Bluestem Brands, Inc. | ☐ Check if this is an amended filing |
| United States Bankruptcy Court for the: District of Delaware | |
| Case number (if known): _____ | |

Official Form 204

# Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 UPS<br>Attn: Tracy Smith<br>55 GLENLAKE PKWY NE<br>ATLANTA, GA 30328 | UPS<br>Attn: Tracy Smith<br>PHONE: 360-450-1726<br>FAX:<br>EMAIL: tsmith8@ups.com | Trade Debt | | $0.00 | $0.00 | $6,200,000.00 |
| 2 TECH MAHINDRA LTD<br>Attn: Edwin Paul<br>5400 Carillon Point<br>Kirkland, WA 98033 | TECH MAHINDRA LTD<br>Attn: Edwin Paul<br>PHONE: 612-295-4593<br>FAX:<br>EMAIL: paul.edwin@techMahindra.com | Trade Debt | | $0.00 | $0.00 | $2,188,270.34 |
| 3 PRO STAR LOGISTICS INC<br>Attn: HEIDI SWAN<br>4752 W California Ave - BLDG A STE 900<br>SALT LAKE CITY, UT 84104 | PRO STAR LOGISTICS INC<br>Attn: HEIDI SWAN<br>PHONE: 801 886-8866<br>FAX:<br>EMAIL: heidi@prostar.com | Trade Debt | | $0.00 | $0.00 | $2,024,440.06 |
| 4 GOOGLE INC<br>Attn: Bernardo Enano Jr<br>1600 Amphitheatre Pkwy<br>Mountainview, CA 94043 | GOOGLE INC<br>Attn: Bernardo Enano Jr<br>PHONE: 650-214-0252<br>FAX:<br>EMAIL: bernardo.e@google.com | Trade Debt | | $0.00 | $0.00 | $1,721,000.00 |
| 5 FIRST CONTACT LLC<br>Attn: John Swain<br>200 Central Avenue,<br>Suite 500 Saint<br>Petersburg, FL 33701 | FIRST CONTACT LLC<br>Attn: John Swain<br>PHONE: 908-405-3558<br>FAX:<br>EMAIL: John.Swain@iqor.com | Trade Debt | | $0.00 | $0.00 | $1,623,642.94 |
| 6 CREDIT KARMA INC<br>Attn: Evan Kracoff<br>760 Market St.<br>San Francisco, CA 94102 | CREDIT KARMA INC<br>Attn: Evan Kracoff<br>PHONE: 415-275-6050<br>FAX:<br>EMAIL: evan.kracoff@creditkarma.com | Trade Debt | | $0.00 | $0.00 | $1,556,289.96 |
| 7 NEWGISTICS<br>Attn: Carlos Cruz<br>7171 Southwest Parkway, Bld 300, Suite 400<br>Austin, TX 78735 | NEWGISTICS<br>Attn: Carlos Cruz<br>PHONE: 512-922-2209<br>FAX:<br>EMAIL: carlos.cruz@pb.com | Trade Debt | | $0.00 | $0.00 | $1,534,478.00 |
| 8 FLOWER CLUB, THE<br>Attn: Mr. Anil Khatri<br>Plot No 1, Phase III, Rajiv Gandhi Infotech Park<br>Hinjewadi, Pune, India 411 057 | FLOWER CLUB, THE<br>Attn: Mr. Anil Khatri<br>PHONE: 020-42252886<br>FAX:<br>EMAIL: AK0071213@TechMahindra.com | Trade Debt | | $0.00 | $0.00 | $1,387,886.83 |
| 9 ACXIOM CORPORATION<br>Attn: Chris Hamlin<br>601 E Third Street<br>Little Rock, AK 72201 | ACXIOM CORPORATION<br>Attn: Chris Hamlin<br>PHONE: 303-521-0437<br>FAX:<br>EMAIL: chris.hamlin@acxiom.com | Trade Debt | | $0.00 | $0.00 | $1,350,129.03 |

Debtor Bluestem Brands, Inc.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 10 | GLOBAL TRANSPORTATION SERVICES INC Attn: Anita Hsu 18209 8th Ave South, Suite A Kent, WA 98032 | GLOBAL TRANSPORTATION SERVICES INC Attn: Anita Hsu PHONE: 952-913-2085 FAX: EMAIL: anitah@shipglobal.com | Trade Debt | | $0.00 | $0.00 | $1,332,109.00 |
| 11 | MC APPLIANCE CORP Attn: Tony Han 940 Central Ave. Wood Dale, IL 60191 | MC APPLIANCE CORP Attn: Tony Han PHONE: 6302382832 FAX: 6309844670 EMAIL: than@magicchef.com | Trade Debt | | $0.00 | $0.00 | $1,288,467.40 |
| 12 | GLOBALWIDE MEDIA INC Attn: Jenny Parrish 2945 Townsgate Rd, Suite 350 Westlake Village, CA 91361 | GLOBALWIDE MEDIA INC Attn: Jenny Parrish PHONE: 805-267-7024 FAX: EMAIL: jennyp@globalwidemedia.com | Trade Debt | | $0.00 | $0.00 | $1,216,000.00 |
| 13 | AMA SYSTEMS LLC Attn: Matt Billingsley 8160 Lark Brown Road Elkridge, MD 21075 | AMA SYSTEMS LLC Attn: Matt Billingsley PHONE: 615-335-2461 FAX: EMAIL: dcarroll@carhartt.com | Trade Debt | | $0.00 | $0.00 | $1,183,443.71 |
| 14 | FACEBOOK INC Attn: Isis Villatoro 1601 Willow Rd Menlo Park, CA 94205 | FACEBOOK INC Attn: Isis Villatoro PHONE: 650-543-4932 FAX: EMAIL: isis@facebook.com | Trade Debt | | $0.00 | $0.00 | $1,166,498.44 |
| 15 | POWER SALES AND ADVERTISING INC Attn: Jon Antrim COMMERCIAL OFFSHORE LIMITED UNIT 1805 18TH FLOOR AIA TOWER NOS. 251A-301 AVENIDA COMERCIAL DE MACAU China Plaza China | POWER SALES AND ADVERTISING INC Attn: Jon Antrim PHONE: 913-324-4986 FAX: EMAIL: JAntrim@psakc.com | Trade Debt | | $0.00 | $0.00 | $1,071,732.22 |
| 16 | ROYAL APPLIANCE MANUFACTURING  CO Attn: Bee Lee FLAT C 2F GALAXY FTY BLDG - 25 27 LUI HOP STREET SAN PO KOWLOON China | ROYAL APPLIANCE MANUFACTURING  CO Attn: Bee Lee PHONE: 852-35688367 FAX: 852-23549129 EMAIL:  BEELEE@PARKLANEFASHIONS.COM | Trade Debt | | $0.00 | $0.00 | $946,010.94 |
| 17 | JIAXING MENGDI IMPORT & EXPORT Attn: Allen Xu 18th Floor Longway Plaza - No. 960 Jiaxing, Zhejiang 314001 | JIAXING MENGDI IMPORT & EXPORT Attn: Allen Xu PHONE: 86 573 82613556 FAX: 86 573 82720868 EMAIL: allen@mengdi.com.cn | Trade Debt | | $0.00 | $0.00 | $807,230.97 |
| 18 | PILOT FREIGHT SERVICES Attn: Bill Welsh 314 N Middletown Road Lima, PA 19037 | PILOT FREIGHT SERVICES Attn: Bill Welsh PHONE: 267-314-0789 FAX: EMAIL:  billwelsh@pilotdelivers.com | Trade Debt | | $0.00 | $0.00 | $768,468.00 |
| 19 | INGRAM ENTERTAINMENT INC Attn: David Bell Two Ingram Blvd Lavergne, TN 37089 | INGRAM ENTERTAINMENT INC Attn:  David  Bell PHONE: (515)-254-7107 FAX: EMAIL:  David.Bell@ingramentertainment.com | Trade Debt | | $0.00 | $0.00 | $753,994.96 |
| 20 | JIANGSU SAINTY HANTANG TRADING Attn: Ginger Jin 9F Zhongfa Building - 278 Zhongshan Rd Wuxi, Jiangsu 214001 China | JIANGSU SAINTY HANTANG TRADING Attn: Ginger Jin PHONE: 86 25 8697 1940 FAX: EMAIL: ginger.jin@saintyht.com | Trade Debt | | $0.00 | $0.00 | $730,465.60 |

Debtor Bluestem Brands, Inc.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 21 THE APPAREL GROUP<br>Attn: Elizabeth Giebel<br>250 Belmont Ave<br>Haledon, NJ 07508 | THE APPAREL GROUP<br>Attn: Elizabeth Giebel<br>PHONE: 2145297073<br>FAX:<br>EMAIL: elizabethgiebel@tagusa.com | Trade Debt | | $0.00 | $0.00 | $706,464.41 |
| 22 FRANKLIN MADISON GROUP LLC<br>Attn: Linda Thomason<br>801 Crescent Centre Drive, Suite 500<br>Franklin, TN 37067 | FRANKLIN MADISON GROUP LLC<br>Attn: Linda Thomason<br>PHONE: 615-764-2744<br>FAX:<br>EMAIL: linda.thomason@affiniongroup.com | Trade Debt | | $0.00 | $0.00 | $688,644.91 |
| 23 RAKUTEN MARKETING LLC<br>Attn: Nick Latus<br>215 Park Aveneue<br>South, 2nd Floor<br>New York, NY 10003 | RAKUTEN MARKETING LLC<br>Attn: Nick Latus<br>PHONE: 646-943-8267<br>FAX:<br>EMAIL: nick.latus@rakuten.com | Trade Debt | | $0.00 | $0.00 | $663,895.98 |
| 24 FLAT RIVER GROUP LLC<br>Attn: Matt Stahlin<br>306 Reed St<br>Belding, MI 48809 | FLAT RIVER GROUP LLC<br>Attn: Matt Stahlin<br>PHONE: 616-794-5496<br>FAX:<br>EMAIL: info@flatrivergroup.com | Trade Debt | | $0.00 | $0.00 | $659,143.57 |
| 25 LIVEVOX INC<br>Attn: Jonathon Ritchie<br>655 Montgomery,<br>Suite 1000<br>San Francisco, CA 94111 | LIVEVOX INC<br>Attn: Jonathon Ritchie<br>PHONE: 303-815-8104<br>FAX:<br>EMAIL: jonathon.ritchie@livevox.com | Trade Debt | | $0.00 | $0.00 | $653,354.74 |
| 26 PMC DBA ALMO FULFILLMENT SRVCS LLC<br>Attn: Eric Anderson<br>PO Box 536251<br>Pittsburgh, PA 15253-5904 | PMC DBA ALMO FULFILLMENT SRVCS LLC<br>Attn: Eric Anderson<br>PHONE: 215-698-4000<br>FAX:<br>EMAIL: support@almo.com | Trade Debt | | $0.00 | $0.00 | $622,206.06 |
| 27 NEW - ASURION CORP<br>Attn: Sharolyn Williams<br>648 Grassmere Park Dr<br>Nashville, TN 37211 | NEW - ASURION CORP<br>Attn: Sharolyn Williams<br>PHONE: 615-445-1597<br>FAX:<br>EMAIL: Sharolyn.Williams@asurion.com | Trade Debt | | $0.00 | $0.00 | $597,868.58 |
| 28 JEG AND SONS INC<br>Attn: Brian Garber<br>20000 NE 15th Court<br>Miami, FL 33179 | JEG AND SONS INC<br>Attn: Brian Garber<br>PHONE: 952-541-7388<br>FAX:<br>EMAIL: bgarber@usisales.com | Trade Debt | | $0.00 | $0.00 | $575,662.00 |
| 29 FUJI FILM NORTH AMERICA CORP<br>Attn: Karen Hawkins<br>200 Summit Lake Dr<br>Valhalla, NY 10595-1356 | FUJI FILM NORTH AMERICA CORP<br>Attn: Karen Hawkins<br>PHONE: 914-789-8757<br>FAX:<br>EMAIL: KHawkins@fujifilm.com | Trade Debt | | $0.00 | $0.00 | $565,572.33 |
| 30 MARIGOLD ENT LTD<br>DBA MARIGOLD ENT USA LLC<br>Attn: Dwayne Boyce<br>Rm. 713-714, Tower A, Hunghom Commercial Centre - 39 Ma Tau Wai Road<br>Hunghom, Kowloon<br>China | MARIGOLD ENT LTD<br>DBA MARIGOLD ENT USA LLC<br>Attn: Dwayne Boyce<br>PHONE: 85227730223<br>FAX:<br>EMAIL: dwayne@cornerstonesales.ws | Trade Debt | | $0.00 | $0.00 | $534,291.52 |

| Fill in this information to identify the case: | |
| --- | --- |
| Debtor name | **Bluestem Brands, Inc.** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration   **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   03/08/2020   x   */s/ Neil P. Ayotte*
Signature of individual signing on behalf of debtor

**Neil P. Ayotte**
Printed name

**Executive Vice President, General Counsel and Secretary**
Position or relationship to debtor

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy