**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLUESTEM BRANDS, INC., | ) | Case No. 20-10566 ( ) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 61-1425164 | ) | |
| | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HABAND COMPANY LLC, | ) | Case No. 20-10567 ( ) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 22-1838496 | ) | |
| | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ORCHARD BRANDS SALES AGENCY, LLC, | ) | Case No. 20-10568 ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 90-0858855 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BLAIR LLC, | ) | Case No. 20-10569 ( ) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 25-0691670 | ) | |
| | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HOME FOREVER LLC, | ) | Case No. 20-10570 ( ) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-1372324 | ) | |
| | ) | |
| | ) | |

| | |
|---|---|
| In re: | Chapter 11 |
| GOLD VIOLIN LLC, | Case No. 20-10571 (  ) |
| Debtor. | |
| Tax I.D. No. 94-3350873 | |

| | |
|---|---|
| In re: | Chapter 11 |
| NORM THOMPSON OUTFITTERS LLC, | Case No. 20-10572 (  ) |
| Debtor. | |
| Tax I.D. No. 93-0788344 | |

| | |
|---|---|
| In re: | Chapter 11 |
| VALUE SHOWCASE LLC, | Case No. 20-10573 (  ) |
| Debtor. | |
| Tax I.D. No. 27-1992920 | |

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHSTAR HOLDINGS INC., | Case No. 20-10574 (  ) |
| Debtor. | |
| Tax I.D. No. 47-1746823 | |

| | |
|---|---|
| In re: | Chapter 11 |
| BLUESTEM SALES, INC., | Case No. 20-10575 (  ) |
| Debtor. | |
| Tax I.D. No. 45-4701539 | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| APPLESEED'S HOLDINGS, INC., | ) Case No. 20-10576 (  ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 04-3459117 | ) |
| | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BLUESTEM ENTERPRISES, INC., | ) Case No. 20-10577 (  ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 45-4701237 | ) |
| | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BLUESTEM FULFILLMENT, INC., | ) Case No. 20-10578 (  ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 43-1975931 | ) |
| | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ORCHARD BRANDS INTERNATIONAL, INC., | ) Case No. 20-10579 (  ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 25-1878962 | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ORCHARD BRANDS CORPORATION, | ) Case No. 20-10580 (  ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 20-8876322 | ) |
| | ) |
| | ) |

3

| | |
|---|---|
| In re: | ) Chapter 11 |
| DRAPER'S & DAMON'S LLC, | ) |
| | ) Case No. 20-10581 (  ) |
| Debtor. | ) |
| Tax I.D. No. 95-3132759 | ) |
| | ) |
| | ) |
| In re: | ) Chapter 11 |
| JOHNNY APPLESEED'S, INC., | ) |
| | ) Case No. 20-10582 (  ) |
| Debtor. | ) |
| Tax I.D. No. 04-1105560 | ) |
| | ) |
| | ) |
| In re: | ) Chapter 11 |
| WINTERSILKS, LLC, | ) |
| | ) Case No. 20-10583 (  ) |
| Debtor. | ) |
| Tax I.D. No. 59-3550688 | ) |
| | ) |
| | ) |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER (I) DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion.[1]

**Relief Requested**

1.      The Debtors respectfully request entry of an order substantially in the form

attached hereto as **Exhibit A**, (a) directing joint administration of the Debtors' related chapter 11

cases and (b) granting related relief.

---

[1]     A detailed description of the Debtors' businesses, capital structure and the events leading to these chapter 11 cases is set forth in the *Declaration of Thomas L. Fairfield in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware,

dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and

the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules") to the entry of a final order by the Court in connection with this motion to the extent that

it is later determined that the Court, absent consent of the parties, cannot enter final orders or

judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are section 105(a) of the Bankruptcy

Code of title 11 of the United States Code (the "Bankruptcy Code"), rule 1015(b) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1015-1 and

9013-1(m).

**Background**

5.      The Debtors are a direct-to-consumer retailer that offers fashion, home, and

entertainment merchandise through internet, direct mail, and telephonic channels under the

Orchard and Northstar brand portfolios.  The Debtors have approximately two million customers,

the majority of which are U.S. based and transact at less than $250 on a per order

basis.  Headquartered in Eden Prairie, Minnesota, the Debtors employ approximately 2,200

individuals and own and/or lease warehouses, distribution centers, and call centers in 10 other

states, including New Jersey, Massachusetts, Georgia, and California.  The Debtors' supply

chain consists of name-brand vendors—*e.g.*, Michael Kors, Samsung, Keurig—as well as private

label and non-branded sources based in the United States and abroad.  For fiscal year 2019, the Debtors reported gross revenue of approximately $1.8 billion.

6.       On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

**Relief Requested**

7.       The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) directing joint administration of their related chapter 11 cases and (b) granting related relief.  Specifically, the Debtors request that the Court maintain one file and one docket for all of these chapter 11 cases under the case of Bluestem Brands, Inc., and that these chapter 11 cases be administered under the following caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BLUESTEM BRANDS, INC., *et al.*,[1] | ) | Case No. 20-10566 (   ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Bluestem Brands, Inc. (5164); Appleseed's Holdings, Inc. (9117); Blair LLC (1670); Bluestem Enterprises, Inc. (1237); Bluestem Fulfillment, Inc. (5931); Bluestem Sales, Inc. (1539); Draper's &Damon's LLC (2759); Gold Violin LLC (0873); Haband Company LLC (8496); Home Forever LLC (2324); Johnny Appleseed's, Inc. (5560); Norm Thompson Outfitters LLC (8344); Northstar Holdings Inc. (6823); Orchard Brands Corporation (6322); Orchard Brands International, Inc. (8962); Orchard Brands Sales Agency, LLC (8855); Value Showcase LLC (2920); WinterSilks, LLC (0688). The service address for each of the above Debtors is 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8.     The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

9.     Additionally, the Debtors request that an entry be made on the docket of each of the Debtors' chapter 11 cases, other than on the docket of the case of Bluestem Brands, Inc., that is substantially similar to the following:

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of: Bluestem Brands, Inc., Case No. 20-10566 (__); Appleseed's Holdings, Inc., Case No. 20-10576 (__); Blair LLC, Case No. 20-10569 (__); Bluestem Enterprises, Inc., Case No. 20-10577 (__); Bluestem Fulfillment, Inc., Case No. 20-10578 (__); Bluestem Sales, Inc., Case No. 20-10575 (__); Draper's & Damon's LLC, Case No. 20-10581 (__); Gold Violin LLC, Case No. 20-10571 (__); Haband Company LLC, Case No. 20-10567 (__); Home Forever LLC, Case No. 20-10570 (__); Johnny Appleseed's, Inc., Case No. 20-10582 (__); Norm Thompson Outfitters LLC, Case No. 20-10572 (__); Northstar Holdings Inc., Case No. 20-10574 (__); Orchard Brands Corporation, Case No. 20-10580 (__); Orchard Brands International, Inc., Case No. 20-10579 (__); Orchard Brands Sales Agency, LLC, Case No. 20-10568 (__);

Value Showcase LLC Case No. 20-10573 (__); WinterSilks, LLC, Case No. 20-10583 (__).  **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 20-10566 (___).**

## Basis for Relief

10.     Bankruptcy Rule 1015(b) provides, in pertinent part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."   The eighteen (18) Debtor entities that commenced these Chapter 11 Cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11.     Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.  An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time.  An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

12.     Joint administration is generally non-controversial, and courts in this district routinely order joint administration in cases with multiple related debtors.  *See, e.g.*, *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (directing joint administration of chapter 11 case); *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (same); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 1, 2019)

(same); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. July 23, 2019); *In re Blackhawk Mining LLC*, No. 19-11595 (LSS) (Bankr. D. Del. July 22, 2019) (same).[2]

13.     Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  The Debtors operate as an integrated business with common ownership and control.  The Debtors also share financial and operational systems.  As a result, many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity.  Joint administration will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration will also allow the United States Trustee for the District of Delaware and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

14.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.  Accordingly, the Debtors submit that joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Notice

15.     The Debtors will provide notice of this motion to:  (a) the United States Trustee for the District of Delaware; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the DIP Agent; (d) counsel to the Term Loan Agent; (e) counsel to Bluestem Group Inc.; (f) SCUSA and its counsel; (g) WebBank; (h) the

---

[2]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

United States Attorney's Office for the District of Delaware; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the state attorneys general for all states in which the Debtors conduct business; and (l) any party that requests service pursuant to Bankruptcy Rule 2002.  Notice of this motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required or necessary.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request entry of the order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this motion and such other relief as is just and proper.

Dated:  March 9, 2020
Wilmington, Delaware

*/s/ Joseph M. Mulvihill*
M. Blake Cleary (DE Bar No. 3614)
Jaime Luton Chapman (DE Bar No. 4936)
Joseph M. Mulvihill (DE Bar No. 6061)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:        mbcleary@ycst.com
              jchapman@ycst.com
              jmulvihill@ycst.com

-and-

Edward O. Sassower, P.C. (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-and-

Patrick J. Nash, P.C. (*pro hac vice* admission pending)
W. Benjamin Winger (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLUESTEM BRANDS, INC., | Case No. 20-10566 (   ) |
|         Debtor. | |
| Tax I.D. No. 61-1425164 | |

| | |
|---|---|
| In re: | Chapter 11 |
| HABAND COMPANY LLC, | Case No. 20-10567 (   ) |
|         Debtor. | |
| Tax I.D. No. 22-1838496 | |

| | |
|---|---|
| In re: | Chapter 11 |
| ORCHARD BRANDS SALES AGENCY, LLC, | Case No. 20-10568 (   ) |
|         Debtor. | |
| Tax I.D. No. 90-0858855 | |

| | |
|---|---|
| In re: | Chapter 11 |
| BLAIR LLC, | Case No. 20-10569 (   ) |
|         Debtor. | |
| Tax I.D. No. 25-0691670 | |

| | |
|---|---|
| In re: | Chapter 11 |
| HOME FOREVER LLC, | Case No. 20-10570 (   ) |
|         Debtor. | |
| Tax I.D. No. 47-1372324 | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GOLD VIOLIN LLC, | ) Case No. 20-10571 (   ) |
|         Debtor. | ) |
| | ) |
| Tax I.D. No. 94-3350873 | ) |
| | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NORM THOMPSON OUTFITTERS LLC, | ) Case No. 20-10572 (   ) |
|         Debtor. | ) |
| | ) |
| Tax I.D. No. 93-0788344 | ) |
| | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VALUE SHOWCASE LLC, | ) Case No. 20-10573 (   ) |
|         Debtor. | ) |
| | ) |
| Tax I.D. No. 27-1992920 | ) |
| | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NORTHSTAR HOLDINGS INC., | ) Case No. 20-10574 (   ) |
|         Debtor. | ) |
| | ) |
| Tax I.D. No. 47-1746823 | ) |
| | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BLUESTEM SALES, INC., | ) Case No. 20-10575 (   ) |
|         Debtor. | ) |
| | ) |
| Tax I.D. No. 45-4701539 | ) |
| | ) |
| | ) |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| APPLESEED'S HOLDINGS, INC., | ) | Case No. 20-10576 (   ) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 04-3459117 | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLUESTEM ENTERPRISES, INC., | ) | Case No. 20-10577 (   ) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-4701237 | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLUESTEM FULFILLMENT, INC., | ) | Case No. 20-10578 (   ) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 43-1975931 | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ORCHARD BRANDS INTERNATIONAL, INC., | ) | Case No. 20-10579 (   ) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 25-1878962 | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ORCHARD BRANDS CORPORATION, | ) | Case No. 20-10580 (   ) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-8876322 | ) | |
| | ) | |
| | ) | |

3

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| DRAPER'S & DAMON'S LLC, | ) | Case No. 20-10581 (   ) |
| Debtor. | ) | |
| Tax I.D. No. 95-3132759 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| JOHNNY APPLESEED'S, INC., | ) | Case No. 20-10582 (   ) |
| Debtor. | ) | |
| Tax I.D. No. 04-1105560 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| WINTERSILKS, LLC, | ) | Case No. 20-10583 (   ) |
| Debtor. | ) | |
| Tax I.D. No. 59-3550688 | ) | |
| | ) | **Re: Docket No. ____** |

## ORDER (I) DIRECTING JOINT ADMINISTRATION
## OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing joint administration of the Debtors' related chapter 11 cases and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4

the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 20-10566 (_____).

3.      The caption of the Debtors' jointly administered chapter 11 cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| BLUESTEM BRANDS, INC., *et al.*,[1] ) | Case No. 20-10566 (   ) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Bluestem Brands, Inc. (5164); Appleseed's Holdings, Inc. (9117); Blair LLC (1670); Bluestem Enterprises, Inc. (1237); Bluestem Fulfillment, Inc. (5931); Bluestem Sales, Inc. (1539); Draper's &Damon's LLC (2759); Gold Violin LLC (0873); Haband Company LLC (8496); Home Forever LLC (2324); Johnny Appleseed's, Inc. (5560); Norm Thompson Outfitters LLC (8344); Northstar Holdings Inc. (6823); Orchard Brands Corporation (6322); Orchard Brands International, Inc. (8962); Orchard Brands Sales Agency, LLC (8855); Value Showcase LLC (2920); WinterSilks, LLC (0688). The service address for each of the above Debtors is 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

4.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.      A docket entry shall be made in each of the Debtors' chapter 11 cases, other than that of Bluestem Brands, Inc., that is substantially similar to the following:

>An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of:  Bluestem Brands, Inc., Case No. 20-10566 (___); Appleseed's Holdings, Inc., Case No. 20-10576 (___); Blair LLC, Case No. 20-10569 (___); Bluestem Enterprises, Inc., Case No. 20-10577 (___); Bluestem Fulfillment, Inc., Case No. 20-10578 (___); Bluestem Sales, Inc., Case No. 20-10575 (___); Draper's & Damon's LLC, Case No. 20-10581 (___); Gold Violin LLC, Case No. 20-10571 (___); Haband Company LLC, Case No. 20-10567 (___); Home Forever LLC, Case No. 20-10570 (___); Johnny Appleseed's, Inc., Case No. 20-10582 (___); Norm Thompson Outfitters LLC, Case No. 20-10572 (___); Northstar Holdings Inc., Case No. 20-10574 (___); Orchard Brands Corporation, Case No. 20-10580 (___); Orchard Brands International, Inc., Case No. 20-10579 (___); Orchard Brands Sales Agency, LLC, Case No. 20-10568 (___); Value Showcase LLC Case No. 20-10573 (___); WinterSilks, LLC, Case No. 20-10583 (___).  **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 20-10566 (____).**

6.      The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE