**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BLUESTEM BRANDS, INC., *et al.*,[1] | ) | Case No. 20-10566 (MFW) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Ref. Docket No. 82** |

**CERTIFICATION OF COUNSEL**

On March 10, 2020, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Co-Counsel for the Debtors, Effective as of the Petition Date* [D.I. 82] (the "Application"). The deadline to file objections or respond to the Application was 4:00 p.m. (ET) on March 24, 2020 (the "Objection Deadline").

Prior to the Objection Deadline, the Debtors received informal comments from the office of the United States Trustee (the "U.S. Trustee"). No other formal or informal responses or objections to the Application were received prior to the Objection Deadline.

Following discussions with the U.S. Trustee, the Debtors have agreed to a revised form of order (the "Revised Order"), a copy of which is attached hereto as **Exhibit A**, which resolves the U.S. Trustee's concerns.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Bluestem Brands, Inc. (5164); Appleseed's Holdings, Inc. (9117); Blair LLC (1670); Bluestem Enterprises, Inc. (1237); Bluestem Fulfillment, Inc. (5931); Bluestem Sales, Inc. (1539); Draper's & Damon's LLC (2759); Gold Violin LLC (0873); Haband Company LLC (8496); Home Forever LLC (2324); Johnny Appleseed's, Inc. (5560); Norm Thompson Outfitters LLC (8344); Northstar Holdings Inc. (6823); Orchard Brands Corporation (6322); Orchard Brands International, Inc. (8962); Orchard Brands Sales Agency, LLC (8855); Value Showcase LLC (2920); WinterSilks, LLC (0688). The service address for each of the above Debtors is 7075 Flying Cloud Drive, Eden Prairie, MN 55344.

[2] For the convenience of the Court and other interested parties, a blackline comparing the Revised Order against the form of order filed with the Application is attached hereto as **Exhibit B**.

WHEREFORE, as the Debtors did not receive any objections or responses other than as described herein, and the U.S. Trustee does not object to entry of the Revised Order, the Debtors respectfully request that the Court enter the Revised Order without further notice or hearing at the Court's earliest convenience.

Dated: April 3, 2020
Wilmington, Delaware

*/s/ Jaime Luton Chapman*

M. Blake Cleary (DE Bar No. 3614)
Jaime Luton Chapman (DE Bar No. 4936)
Joseph M. Mulvihill (DE Bar No. 6061)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: mbcleary@ycst.com
jchapman@ycst.com
jmulvihill@ycst.com

-and-

Edward O. Sassower, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

-and-

Patrick J. Nash, P.C. (admitted *pro hac vice*)
W. Benjamin Winger (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

# EXHIBIT A

**Revised Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLUESTEM BRANDS, INC., *et al.*,[1] | ) | Case No. 20-10566 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 82** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of the Debtors for entry of an order pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014 authorizing the retention and employment of Young Conaway Stargatt & Taylor, LLP ("Young Conaway" or the "Firm") as bankruptcy co-counsel to the Debtors, effective as of the Petition Date, as more fully described in the Application; and upon consideration of the Cleary Declaration, the Ayotte Declaration, and the First Day Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Bluestem Brands, Inc. (5164); Appleseed's Holdings, Inc. (9117); Blair LLC (1670); Bluestem Enterprises, Inc. (1237); Bluestem Fulfillment, Inc. (5931); Bluestem Sales, Inc. (1539); Draper's & Damon's LLC (2759); Gold Violin LLC (0873); Haband Company LLC (8496); Home Forever LLC (2324); Johnny Appleseed's, Inc. (5560); Norm Thompson Outfitters LLC (8344); Northstar Holdings Inc. (6823); Orchard Brands Corporation (6322); Orchard Brands International, Inc. (8962); Orchard Brands Sales Agency, LLC (8855); Value Showcase LLC (2920); WinterSilks, LLC (0688). The service address for each of the above Debtors is 7075 Flying Cloud Drive, Eden Prairie, MN 55344.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Application.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and this Court finding that Young Conaway is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code because (i) Young Conaway has no connection with the Debtors, any creditors, or other parties in interest, their respective attorneys and accountants, or the U.S. Trustee or any of its employees, except as set forth in the Cleary Declaration, (ii) Young Conaway is not a creditor, equity security holder, or insider of the Debtors, (iii) none of Young Conaway's members or employees are or were, within two (2) years of the Petition Date, a director, officer, or employee of the Debtors, and (iv) Young Conaway does not hold and has neither represented nor represents an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. In accordance with section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ the firm of Young Conaway as their bankruptcy co-counsel on the terms set forth in the Application, the Cleary Declaration, and the Engagement Agreement,[3] effective as of the Petition Date.

3. Young Conaway shall be entitled to allowance of compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other orders

[3] A copy of the Engagement Agreement is attached hereto as **Exhibit 1**.

as this Court may direct, including, without limitation, any order of this Court establishing procedures for interim compensation and reimbursement of professionals retained in these Chapter 11 Cases.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and the Cleary Declaration.

5. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

6. In the event of inconsistency between the Application, the Cleary Declaration, and this Order, this Order shall govern.

# EXHIBIT 1

## Engagement Agreement




**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**M. Blake Cleary**
P 302.571.6714
F 302.576.3287
mbcleary@ycst.com

As of December 27, 2019

Bluestem Brands, Inc.
Northstar Holdings, Inc.
7075 Flying Could Drive
Eden Prairie, MN 55344
Attn: Mr. Pete Michielutti
Executive Vice President and Chief
Financial Officer

Re: Engagement with Young Conaway Stargatt & Taylor, LLP

Dear Mr. Michielutti:

Young Conaway Stargatt & Taylor, LLP ("Young Conaway") is pleased to accept representation, along with Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), of Bluestem Brands, Inc. and Northstar Holdings, Inc. and their subsidiaries listed on Exhibit A attached hereto (collectively, the "Company") on the terms set forth herein, to represent the Company in connection with a potential restructuring and related matters.

1. Nature of Engagement

Young Conaway's engagement will include representation of the Company in preparing for, and during the course of, all aspects of any case or cases prosecuted under title 11 of the United States Code (the "Bankruptcy Code") on behalf of one or more legal entities constituting the Company. This aspect of Young Conaway's representation will include, among other things, working with Akin Gump regarding the preparation of petition(s) for voluntary relief, defenses against any involuntary case, motions and other court papers, documents and agreements that may be called for, together with all attendant court appearances and out-of-court planning and negotiations, as well as negotiating, preparing and prosecuting any chapter 11 plans, related solicitation and disclosure statements and other related documents.

2. Case Management and Coordination with Other Counsel

To the extent possible, given the nature and magnitude of the engagement, steps will be taken by us to coordinate all tasks, assignments and undertakings and where practical, to allocate tasks to avoid unnecessary duplication of effort among Young Conaway, Akin Gump and any other advisors engaged by the Company.

If, as outlined below, court approval should not be available for all aspects of a potential chapter 11 case or other insolvency proceeding which you should wish us to undertake, our representation would include as many of these aspects as may be approved.

3. Fee Structure and Retainer

Young Conaway customarily receives a reasonable retainer in matters of this nature. The retainer is designed to assure the Company's continued access to representation despite delays in obtaining authority to pay fees, the potential imposition of cash collateral requirements and other factors. At this time, Young Conaway requests payment of a retainer of Seventy-Five Thousand Dollars ($75,000) (the "Retainer") in connection with this representation. In light of the uncertainty surrounding the early stages of Young Conaway's engagement, the Company recognizes that the amount of the Retainer may prove to be insufficient for the work required of Young Conaway, and that the Company may be required to increase the Retainer and to pre-fund chapter 11 filing fees of $1,717 for each potential debtor.

The pre-petition Retainer funds will be held for the purpose of providing a Retainer for professional services to be rendered and expenses to be charged by us to the Company's account in connection with the representation described above. The Retainer will be held in an interest-bearing account for the benefit of the Interest on Lawyers Trust Accounts ("IOLTA)[1] Program established by the Delaware Supreme Court unless you elect to have the Retainer held in an interest-bearing account for your benefit, in which case, interest will be credited to the escrow account monthly and will accumulate until the Retainer is applied to our invoices for services or until the balance of the Retainer is remitted to the Company at the conclusion of this matter. The Retainer fee is refundable if not earned. Enclosed is a tax reporting form, which must be completed, signed by an authorized representative of the Company and returned to us before our bank will open an interest-bearing escrow account for your benefit.

Young Conaway will send the Company invoices approximately every month, or more frequently prior to any bankruptcy filing, as necessary to remain under the Retainer, for services rendered and charges and disbursements incurred. The invoices will reflect charges for services rendered calculated on the basis of our guideline hourly rates. Invoices shall be payable within ten (10) business days of receipt, provided, however, that in the event of a bankruptcy case, payment may be made only upon court approval.

---

[1] The IOLTA Program, administered by the Delaware Bar Foundation, provides funding to improve the administration of justice, to provide legal services to the poor, and for such other programs for the benefit of the public as are approved by the Court from time to time.

4. Pre-Petition and Post-Petition Services

To the extent that the Company prosecutes a case or cases pursuant to chapter 11 of the Bankruptcy Code, some fees, charges and disbursements incurred before the filing of a bankruptcy petition (voluntary or involuntary) may remain unpaid as of the date of a bankruptcy filing. Immediately prior to the filing, Young Conaway will prepare an estimated invoice for fees and expenses incurred and deduct such amount from the Retainer which will constitute payment in full of any pre-petition balance. After the filing of the chapter 11 case, the remaining Retainer, together with any additional prepetition retainer paid in anticipation of the filing (the "Post-Petition Retainer"), will be held as security for the payment of post-petition fees and expenses in accordance with Bankruptcy Rule 2016 or other applicable laws and rules. Post-petition fees and expenses are to be paid by the Company as and when approved by the Court and are not intended to be set off against the Post-Petition Retainer until the conclusion of the case.

5. Fees, Charges and Disbursements

Young Conaway's monthly invoices will reflect charges for services rendered, calculated on the basis of our guideline hourly rates except as otherwise set forth herein. For attorney services, these rates range from $375 to $1,375 per hour. My hourly rate is $940. The guideline hourly rate charged for paralegals is $295 to $305 per hour. Our guideline hourly rates are adjusted periodically to reflect the advancing experience, capabilities and seniority of our professionals as well as general economic factors.

Our invoices also will include amounts for charges and disbursements. Such charges and disbursements will include, among others things, charges for messenger services, air couriers, document preparation services, secretarial overtime, photocopying, court fees, travel expenses, working meals, postage, materials for large mailings, telephone and facsimile charges, computerized legal research facilities, computerized document inventory and control, investigative searches, and other charges customarily invoiced by law firms in addition to fees for legal services. In the event extraordinary or significant expenses are incurred, such as transcript costs and large mailings, the Company agrees that it will pay those expenses directly or will promptly reimburse us separately from our normal invoice procedure.

If (a) the Company's restructuring efforts are successfully completed, (b) our retention as bankruptcy or other counsel to the Company is not approved or authorized by the court, (c) it is decided that such approval ought not to be sought, or (d) Young Conaway is discharged, the Retainer will be refunded to the Company after deducting all unpaid pre- and post-petition fees, charges and disbursements due to Young Conaway by the Company.

6. Confidentiality and Conflicts

While confidential communications between a client and counsel are privileged, the filing of a bankruptcy case may severely impact this attorney-client privilege. Specifically, if a trustee is appointed in any bankruptcy case concerning a corporate debtor, the trustee will be able to obtain from us (or any other counsel to the corporation) and disclose to others information communicated by the corporation to counsel.

Our firm represents many other companies and individuals. Thus, it is possible that during the time we represent you, some of our present or future clients may have disputes or interests adverse to you. Accordingly, this letter will confirm your agreement that we may continue to represent or may undertake in the future to represent existing or new clients in any matter that is not substantially related to our work for you in this matter, even if the interests of such clients in those other matters are directly adverse to you and even if such representation includes litigation against you, provided that we reasonably believe that we will be able to provide competent and diligent representation to you and the other affected clients. We will not represent any party adverse to you with respect to the matters for which you engage us to represent you pursuant to this engagement letter.

Please be assured that, despite any such concurrent representation, we strictly preserve all client confidences and zealously pursue the interests of each of our clients, including in those circumstances in which we represent the adversary of an existing client in an unrelated case. The Company agrees that it does not consider such concurrent representation, in unrelated matters, of the Company and any adversary to be inappropriate and, therefore, waives any objections to any such present or future concurrent representation. Of course, with respect to any particular matter that may arise in connection with any chapter 11 case that may be commenced, we understand that the Company will evaluate all of the circumstances extant at that time and will coordinate assignments among Young Conaway and other counsel to best serve and benefit the Company.

Young Conaway does not typically provide opinion letters in connection with restructuring engagements or bankruptcy reorganization cases to its clients or to others who might wish to rely on such letters. We do not alter this policy except under very unusual circumstances and then, only upon further written agreement, as approved by a special committee of Young Conaway, which must provide for compensation to us for the special risks attendant to the furnishing of such opinions.

Young Conaway is being engaged by the legal entities comprising the Company. Our employment does not, and cannot, include the representation of any individual officer, director, member, shareholder or employee; we encourage each to consult independent counsel.

7. Document Retention

Paper and other records which are created or held on your behalf will be retained by the Firm in accord with law and at its discretion during the pendency of this matter. Unless required by law to be retained in paper or other tangible form, as the case may be, the Firm may scan or otherwise convert all such records to electronic or digital form and dispose of the paper or other tangible record. Notwithstanding the foregoing, the Firm will not convert any record exclusively to electronic or digital form if doing so would violate the law or if the Firm realizes in advance that, in doing so, the information contained in the record would be made illegible or unusable.

All documents and other materials relating to the subject matter of this engagement, including those maintained electronically, will be retained and disposed of in accordance with Young Conaway's document retention policy, which provides generally that Young Conaway will not retain documents relating to this type of engagement for more than six years. As such, absent your prior written request to return documents and other materials at the conclusion of this engagement, all documents and other materials in storage may be destroyed after the expiration of the designated document retention period.

8. Choice of Law/Venue

In the unlikely event that a dispute arises concerning the engagement provided herein, the Company and Young Conaway agree that this agreement shall be construed and enforced in accordance with, and governed by, the laws of the State of Delaware, and that the courts of the State of Delaware shall have exclusive jurisdiction of all matters relating, in any way, to any disputes arising from this agreement.

9. Conclusion

The Company agrees to make appropriate employees of the Company available to Young Conaway to assist in factual inquiries and factual determinations, court hearings and appearances, transactions and dealings relating to the subject matters with respect to which Young Conaway has been retained.

The Company may discharge Young Conaway at any time. Young Conaway may withdraw at any time with the Company's consent or for good cause without the Company's consent. Good cause includes the Company's breach of this agreement (including the Company's failure to pay any statement when due), the Company's refusal or failure to cooperate with us or any fact or circumstance that would render our continuing representation unlawful or unethical.

Other matters may arise in this representation not set forth in, or contemplated by, this letter. Indeed, given the magnitude of the representation, it would be unusual if this were not the case. Please feel free to contact us to clarify or identify any such matter that may arise in connection with our representation.

The foregoing sets forth the terms regarding Young Conaway's retention. There are no representations or promises other than as expressly set forth herein. If the foregoing terms of our representation meet with your approval and accurately represent your understanding of the Company's engagement agreement with Young Conaway, please execute this agreement and return it and the original executed W-9, along with the $150,000 Retainer to Young Conaway at your earliest convenience.

Wire transfer instructions for Young Conaway are as follows:

**Bank Name:** WSFS Bank
**Location:** Wilmington, Delaware
**Routing or ABA #:** 031100102
**FBO Account #:** 208858415
**Account Name:** Young Conaway Stargatt & Taylor, LLP Attorney Trust Account
**Special Instructions:** BCLEA/Bluestem Brands, Inc.

We very much look forward to working with you.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By: [signature]

M. Blake Cleary

Enclosure – W9 Form
cc: Philip Dublin, Esquire

**Bluestem Brands, Inc.**
**for itself and its subsidiaries listed on Exhibit A**

By: Neil P. Ayotte
Its: EVP & GC.
Date: 1/11/2020

**Northstar Holdings, Inc.**

By: Neil P. Ayotte
Its: EVP & G.C.
Date: 1/11/2020

**EXHIBIT A**

Blair LLC (DE)
Appleseed's Holdings, Inc. (DE)
Haband Company LLC (DE)
Value Showcase LLC (f/k/a Linen Source Acquisition LLC) (DE)
Orchard Brands Corporation (DE)
Orchard Brands International, Inc. (DE)
Orchard Brands Sales Agency, LLC (DE)
Draper's & Damon's LLC (CA)
WinterSilks, LLC (FL)
Johnny Appleseed's, Inc. (MA)
Norm Thompson Outfitters LLC (DE)
Gold Violin LLC (DE)
Home Forever LLC (DE)
Bluestem Sales, Inc. (DE)
Bluestem Enterprises, Inc. (DE)
Bluestem Fulfillment, Inc. (DE)

# EXHIBIT B

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLUESTEM BRANDS, INC., *et al.*,[1] | ) | Case No. 20-10566 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. ——82** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of the Debtors for entry of an order pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014 authorizing the retention and employment of Young Conaway Stargatt & Taylor, LLP ("Young Conaway" or the "Firm") as bankruptcy co-counsel to the Debtors, effective as of the Petition Date, as more fully described in the Application; and upon consideration of the Cleary Declaration, the Ayotte Declaration, and the First Day Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Bluestem Brands, Inc. (5164); Appleseed's Holdings, Inc. (9117); Blair LLC (1670); Bluestem Enterprises, Inc. (1237); Bluestem Fulfillment, Inc. (5931); Bluestem Sales, Inc. (1539); Draper's & Damon's LLC (2759); Gold Violin LLC (0873); Haband Company LLC (8496); Home Forever LLC (2324); Johnny Appleseed's, Inc. (5560); Norm Thompson Outfitters LLC (8344); Northstar Holdings Inc. (6823); Orchard Brands Corporation (6322); Orchard Brands International, Inc. (8962); Orchard Brands Sales Agency, LLC (8855); Value Showcase LLC (2920); WinterSilks, LLC (0688). The service address for each of the above Debtors is 7075 Flying Cloud Drive, Eden Prairie, MN 55344.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Application.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and this Court finding that Young Conaway is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code because (i) Young Conaway has no connection with the Debtors, any creditors, or other parties in interest, their respective attorneys and accountants, or the U.S. Trustee or any of its employees, except as set forth in the Cleary Declaration, (ii) Young Conaway is not a creditor, equity security holder, or insider of the Debtors, (iii) none of Young Conaway's members or employees are or were, within two (2) years of the Petition Date, a director, officer, or employee of the Debtors, and (iv) Young Conaway does not hold and has neither represented nor represents an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. In accordance with section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ the firm of Young Conaway as their bankruptcy co-counsel on the terms set forth in the Application, the Cleary Declaration, and the Engagement Agreement,[3] effective as of the Petition Date.

3. Young Conaway shall be entitled to allowance of compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other orders

[3] A copy of the Engagement Agreement is attached hereto as **Exhibit 1**.

as this Court may direct, including, without limitation, any order of this Court establishing procedures for interim compensation and reimbursement of professionals retained in these Chapter 11 Cases.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and the Cleary Declaration.

5. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

6. In the event of inconsistency between the Application, the Cleary Declaration, and this Order, this Order shall govern.

# EXHIBIT 1

## Engagement Agreement