**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BLUESTEM BRANDS, INC., *et al.*,[1] | ) Case No.  20-10566 (MFW) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Related to Docket No. 327 |

**NOTICE OF FILING OF EXHIBIT A TO MOTION OF MIRIAM LAZUSKY FOR**
**RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**
**OF THE BANKRUPTCY CODE**

PLEASE TAKE NOTICE that attached hereto is **EXHIBIT A** to the *Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) of the Bankruptcy Code* [Docket No. 327] filed by Miriam Lazusky on April 30, 2020 with the  United States  Bankruptcy Court for the District of Delaware.

Dated:  May 1, 2020

GOLDSTEIN & MCCLINTOCK LLLP

By:     */s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk (No. 3320)
501 Silverside Road, Suite 65
Wilmington, DE 19809
(302) 444-6710
(302) 444-6709 (fax)
marias@rgoldmclaw.com

*Counsel for Miriam Lazusky*

---

[1]The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Bluestem Brands, Inc. (5164); Appleseed's Holdings, Inc. (9117); Blair LLC (1670); Bluestem Enterprises, Inc. (1237); Bluestem Fulfillment, Inc. (5931); Bluestem Sales, Inc. (1539); Draper's & Damon's LLC (2759); Gold Violin LLC (0873); Haband Company LLC (8496); Home Forever LLC (2324); Johnny Appleseed's, Inc. (5560); Norm Thompson Outfitters LLC (8344); Northstar Holdings Inc. (6823); Orchard Brands Corporation (6322); Orchard Brands International, Inc. (8962); Orchard Brands Sales Agency, LLC (8855); Value Showcase LLC (2920); WinterSilks, LLC (0688). The service address for each of the above Debtors is 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

# EXHIBIT A

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

CASE TYPE: PERSONAL INJURY

Miriam Lazusky,

       Plaintiff,

vs.

Bluestem Brands, Inc. d/b/a Chef's Mark
Preferred Quality,

       Defendants.

Case No.: _____

**COMPLAINT**

Plaintiff, for her Complaint against Defendant, states and alleges as follows:

## PLAIN STATEMENT OF THE CLAIM

1.     On December 31, 2019, Miriam Lazusky was using a pressure cooker to prepare a meal for her family when the pressure cooker suddenly and unexpectedly exploded. As a result, the contents of the pressure cooker burst onto her chest and torso.

2.     Immediately after the explosion, Plaintiff went to the hospital in Rio Grande City, Texas. The hospital in Rio Grande City sent her to a larger hospital in McAllen, Texas. From there, she was air-lifted to Brooke Army Medical Center ("BAMC") in San Antonio, Texas, which has a specialized burn center.

3.     Ms. Lazusky was admitted to BAMC on January 1, and treated for second and third degree burns to at least 9% of her body. She was discharged from BAMC on January 9, but returned for treatment on January 14-16 and January 24.

4.     Ms. Lazusky now brings suit to recover for the severe and permanent injuries, harms, losses, and damages she sustained due to the fault of the Defendant.

## PARTIES

5.     Plaintiff Miriam Lazusky is an adult residing in Roma, Texas.

6.     Defendant Bluestem Brands, Inc. d/b/a Chef's Mark Preferred Quality ("Bluestem") is a for-profit Minnesota corporation located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota.

7.     Bluestem's registered agent is CT Corporation System, located at 1010 Dale St., N. St Paul, Minnesota. Bluestem was responsible for the design, manufacture, sale, distribution, supply, assembly, installation, service, and/or support of the pressure cooker, including the pressure relief valve, lid, and other component parts, involved in the explosion that injured Ms. Lazusky. Based on information and belief, Bluestem supplied and/or manufactured the pressure relief valve used in the Chef's Mark cooker forming the basis of this suit.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over Defendant Bluestem Brands, Inc. d/b/a Chef's Mark Preferred Quality because it is organized under the laws of Minnesota, authorized to conduct business in Minnesota, and domiciled in Minnesota.

9.     Venue in this Court is proper under Minnesota Statute Section 542.09 because Defendant is deemed to reside in Eden Prairie, Minnesota.

## FACTUAL ALLEGATIONS

10.     Ms. Lazusky was using a Chef's Mark slow cooker to prepare a family meal on December 31, 2019 in her home in Roma, Texas.

11.     The cooker had a pressure release valve, which should have indicated when

the pressure inside the cooker was decreased and safe for use.

12.    On the date in question, the pressure release valve, lid, or other components of the Chef's Mark cooker failed.

13.    As a result, the Chef's Mark cooker exploded, causing its dangerously hot contents to spray all over Ms. Lazusky as the pressure was suddenly released.

14.    The Chef's Mark cooker was designed, manufactured, and distributed by Defendant Bluestem Brands, Inc. d/b/a Chef's Mark Preferred Quality.

15.    At all relevant times, Bluestem was in control of the design, manufacturing, and distribution of the Chef's Mark cooker made the basis of this suit.

16.    Bluestem knew and expected that the cooker was defective and not fit for normal operation.

17.    Bluestem knew or should have known that the cooker posed an explosion hazard under certain foreseeable conditions.

18.    Bluestem knew and expected that explosions could occur as a byproduct of the normal operation of its cooker.

19.    Bluestem knew and expected that the pressure release valve could fail during normal use of its cooker.

20.    Bluestem knew and expected that the lid, and latches for the lid, could fail during normal use of its cooker.

21.    Bluestem knew or should have known that the cooker used a pressure release valve that could lead to catastrophic injuries if it failed.

22.    Bluestem knew and expected the cooker would be used to heat food to

dangerous temperatures in its ordinary use.

23.    Despite knowledge that its cooker can create explosion hazards, Bluestem failed to adequately address these hazards in the design of its products.

24.    Despite knowledge that its cooker creates explosion hazards, Bluestem failed to provide reasonable or adequate safety devices or systems, or guidance, instructions, and warnings to end users like Ms. Lazusky regarding safe methods of use, hazard mitigation, and safe handling of use when the cooker was under pressure.

25.    Bluestem knew or should have known that a faulty pressure release valve poses an explosion hazard under certain conditions.

26.    Bluestem knew or should have known that the cooker posed an explosion risk as a byproduct of normal operation.

27.    Bluestem knew or should have known that the cooker was not equipped with the appropriate safety systems and devices, including working pressure release valve and other engineered solutions, to protect operators like Ms. Lazusky.

28.    Despite regularly evaluating, inspecting, servicing, testing, maintaining, supporting, and making recommendations regarding the cooker and knowing about the risk of explosion, Bluestem failed to properly evaluate the cooker's performance, and failed to provide reasonable or adequate guidance, instructions, warnings, and recommendations regarding safe methods of use and handling, including maintaining appropriate pressure, removing the lid, decreasing the pressure, how to handle a failed pressure valve, and incorporating appropriate safety procedures.

29.    Bluestem knew or should have known that it was imperative to design

and/or manufacture the cooker so that the pressure release valve functioned properly.

30.     In the case of a pressure release valve failure, Bluestem knew or should have known, that it was imperative to design of manufacture the pressure release valve in a way to minimize the risk of an explosion.

31.     Bluestem knew or should have known that without a functional pressure release valve, appropriate warning light, and/or other safety systems and devices, operators like Ms. Lazusky could be seriously injured.

32.     Bluestem knew or should have known that other available safeties and solutions could mitigate the known risks explosion, including, but not limited to, high pressure warning lights, locking mechanisms, reinforced structuring, pressure sensitive timers, and proper venting/pressure release systems.

## COUNT ONE: STRICT LIABILITY

33.     Plaintiff incorporates the allegations in all preceding paragraphs.

34.     Bluestem is a manufacturer and seller of pressure cookers, slow cookers, and other cooking equipment and, in the regular course of business, designed, manufactured, assembled, supplied, distributed, sold, installed, serviced, and/or supported the cooking system involved in the explosion.

35.     Prior to the explosion, Bluestem sold the cooker involved in the explosion to Ms. Lazusky.

36.     The Bluestem cooker and its components presented an explosion hazard when used in a foreseeable manner, such as that undertaken by Ms. Lazusky.

37.     The Bluestem cooker at issue, and its components, were in a defective

condition and unreasonably dangerous for their intended use at the time they left

Bluestem's control.

38.     Bluestem failed to design out, guard against, and/or properly warn against

the dangerous and hazardous conditions present in the cooker and its components, and

is strictly liable to Plaintiff for, among other things:

a.      Failing to use reasonable care to design the cooking system and its components to avoid any unreasonable risk of harm and adequately address the known and foreseeable explosion hazards presented by Bluestem's products;

b.      Failing to incorporate reasonable or adequate safety devices or systems in the design of the cooking system and its components or to supply the cooking system with added safety devices or systems;

c.      Failing to fully assess the risk of harm and danger presented by the cooking system and its components and adopt effective precautions proportionate to the magnitude and likelihood of the expected risk and gravity of harm;

d.      Failing to adequately warn and instruct users regarding the explosion hazards that Bluestem knew were associated with its cooking system, and its components;

e.      Failing to adequately warn and instruct users regarding safe methods of decreasing the pressure as a byproduct of normal operation of Bluestem's cooking system; and

f.      Failing to adequately warn and instruct users regarding the safe method of operation when the pressure release valve fails as a byproduct of normal operation of Bluestem's cooking system.

39.     Bluestem knew how its cooker would be used by Ms. Lazusky and that the

faulty pressure release valve posed a dangerous risk to the health and safety of anyone

engaging in the normal operation of the cooker. Specifically, Bluestem knew that its

cooker posing a substantial risk of serious harm to consumers like Ms. Lazusky.

40.    Prior to the explosion, Bluestem knew or should have known that the cooker, and its components, provided to Ms. Lazusky was not safe, was defective, and was unreasonably dangerous because it lacked necessary safety features, warnings, and instructions.

41.    Bluestem's failure to warn and instruct foreseeable users as described above was unreasonable under all the facts and circumstances, given the likelihood that harm would result from the use of the cooker, the seriousness of that harm, and the cost and ease of providing appropriate warnings and instructions to avoid that harm at the time the product left Bluestem's control.

42.    The defects in Bluestem's products and Bluestem's failure to properly warn and instruct directly, proximately, and substantially caused Ms. Lazusky's injuries, harms, losses, and damages, all of which are more fully described herein.

**COUNT TWO: NEGLIGENCE**

43.    Plaintiff incorporates the allegations in all preceding paragraphs.

44.    Bluestem is a manufacturer and seller of pressure cookers, slow cookers, and other cooking equipment and, in the regular course of business, designed, manufactured, assembled, supplied, distributed, sold, installed, serviced, and/or supported the cooking system involved in the explosion, and its components.

45.    Bluestem had a duty to understand and evaluate the safety and health hazards posed by its products.

46.    Bluestem had a duty to exercise reasonable and ordinary care in the design of the cooker, and its components, to protect operators like Ms. Lazusky from the

reasonable and objectively foreseeable hazards created by its product.

47.    Bluestem owed a duty to persons operating the cooker, including Ms. Lazusky, to ensure that the cooker was safe to operate.

48.    Bluestem had a duty to provide correct, truthful, and adequate warnings and instructions for the safe use of its cookers and to adequately communicate information to end users regarding the explosion hazards created by its product, as well as warnings and instructions to mitigate those hazards.

49.    Bluestem had a duty to warn and instruct end users regarding foreseeable dangers inherent in the foreseeable and intended use of its cooking system and component parts.

50.    Bluestem had a duty to complete a hazard analysis or process review when supplying new cookers or components to Ms. Lazusky, to evaluate the effect of these components on the cooking system into which they were integrated, where the new components increased the risk of harm.

51.    Bluestem failed to exercise reasonable care and breached its duty when it failed to design the cooking system and its components in a way that would eliminate, reduce, and/or mitigate the risk of explosions like the one that injured Ms. Lazusky, including incorporating appropriate safety systems and devices and/or selling the cooker with added safety systems and devices.

52.    Bluestem failed to exercise reasonable care and breached its duty when it sold or supplied the cooking system, and its components, without proper and adequate warnings and instructions related to the risks of explosion associated with the products,

as well as warnings and instructions to mitigate those hazards.

53.    Bluestem knew or should have known that failure to exercise reasonable and ordinary care in designing, manufacturing, assembling, supplying, distributing, selling, installing, servicing, and/or supporting the cooking system could lead to serious injuries to consumers operating the cooking system, such as Ms. Lazusky, where the components increased the risk of harm.

54.    Bluestem's failure to use reasonable care in designing, manufacturing, assembling, supplying, distributing, selling, and/or supporting the cooking system and in warning about the explosion hazards associated with its products directly, proximately, and substantially caused the explosion and Ms. Lazusky's injuries, harms, losses, and damages as more fully described herein.

## DAMAGES

55.    Plaintiff incorporates the allegations in all preceding paragraphs.

56.    As a direct and proximate result of the December 31, 2019 explosion, and the acts and omissions of Defendant complained of herein, Plaintiff Miriam Lazusky sustained permanent, painful, and disabling injuries to her mind and body, including, but not limited to, second and third-degree burns to at least 9% of her body, including her breasts, abdomen, hips, and thighs. These injuries required lengthy hospitalization and numerous surgical procedures, including extensive laser treatment. As a result, Ms. Lazusky has endured, and will continue to endure, pain, suffering, distress, disfigurement, and a substantial reduction in her capacity to enjoy life and to participate in her usual activities, and other harms and losses, all to her damage in an amount

reasonably in excess of fifty thousand dollars ($50,000).

57.     As a further direct and proximate result of the December 31, 2019 explosion and her consequent injuries, Plaintiff Miriam Lazusky has incurred medical and other treatment expenses, and will continue to incur said expenses in the future, all to her damage in an amount reasonably in excess of fifty thousand dollars ($50,000).

58.     As a further direct and proximate result of the December 31, 2019 explosion and her consequent injuries, Plaintiff Miriam Lazusky has suffered a loss of wages and will in the future experience a loss of earnings capacity, all to her damage in an amount reasonably in excess of fifty thousand dollars ($50,000).

**WHEREFORE**, Plaintiff Miriam Lazusky seeks judgement against Defendant, jointly and severally, as follows:

1.     Awarding Plaintiff compensatory damages in an amount reasonably in excess of fifty thousand dollars ($50,000);

2.     Awarding Plaintiff pre-judgment and post-judgment interest;

3.     Awarding Plaintiff the costs and disbursements incurred herein; and

4.     For such additional relief as the Court may deem just and proper.

**A JURY TRIAL IS HEREBY DEMANDED BY PLAINTIFF.**

DATED:  April --, 2020                         **ROBINS KAPLAN LLP**

                                               By:_____
                                                      Jason W. Pfeiffer (#030959X)
                                                      A. Elizabeth Burnett (#0398585)

                                               2800 LaSalle Plaza
                                               800 LaSalle Avenue
                                               Minneapolis, MN 55402
                                               Telephone: 612.349.8500
                                               Facsimile: 612.339.4181
                                               jpfeiffer@robinskaplan.com
                                               eburnett@robinskaplan.com

                                               **ATTORNEYS FOR PLAINTIFF**

## ACKNOWLEDGMENT REQUIRED BY
## MINN. STAT. SEC. 549.211, SUBD. 2

The undersigned hereby acknowledges that, pursuant to Minn. Stat. Sec. 549.211, subd. 2, costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find the undersigned acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the Court.

DATED:  April --, 2020                    **ROBINS KAPLAN LLP**

                                          By:_____
                                                 Jason W. Pfeiffer (#030959X)
                                                 A. Elizabeth Burnett (#0398585)

                                          2800 LaSalle Plaza
                                          800 LaSalle Avenue
                                          Minneapolis, MN 55402
                                          Telephone: 612.349.8500
                                          Facsimile: 612.339.4181
                                          psieff@robinskaplan.com
                                          jpfeiffer@robinskaplan.com
                                          eburnett@robinskaplan.com

                                          **ATTORNEYS FOR PLAINTIFF**