IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BLUESTEM BRANDS, INC., *et al.*,[1] | ) ) ) | Case No. 20-10566 (MFW) |
| Debtors. | ) ) ) ) | (Jointly Administered) Re: Docket Nos. 247, 298 & <u>379</u> |

**ORDER AUTHORIZING THE DEBTORS TO REJECT THAT
CERTAIN EXECUTORY CONTRACT AND/OR UNEXPIRED LEASE
WITH CREATIVE CONTROL D/B/A UNISHIPPERS
AS OF THE REJECTION DATE**

Based upon and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 247] (the "<u>Procedures Order</u>")[2]; and upon the *Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 298] (the "<u>Rejection Notice</u>") filed by the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that the Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that this is a core proceeding pursuant

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Bluestem Brands, Inc. (5164); Appleseed's Holdings, Inc. (9117); Blair LLC (1670); Bluestem Enterprises, Inc. (1237); Bluestem Fulfillment, Inc. (5931); Bluestem Sales, Inc. (1539); Draper's & Damon's LLC (2759); Gold Violin LLC (0873); Haband Company LLC (8496); Home Forever LLC (2324); Johnny Appleseed's, Inc. (5560); Norm Thompson Outfitters LLC (8344); Northstar Holdings Inc. (6823); Orchard Brands Corporation (6322); Orchard Brands International, Inc. (8962); Orchard Brands Sales Agency, LLC (8855); Value Showcase LLC (2920); WinterSilks, LLC (0688). The service address for each of the above Debtors is 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

26515465.1

to 28 U.S.C. § 157(b)(2), and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Rejection Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Rejection Notice was appropriate under the circumstances and no other notice need be provided; and this Court having found that no timely objections were filed to the Rejection Notice with respect to that certain Contract identified on **Exhibit 1** annexed hereto (the "Rejected Contract"); and this Court having reviewed the Rejection Notice and determined that the legal and factual bases set forth in the Rejection Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  Pursuant to Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rule 6006, the Rejected Contract, to the extent not already terminated in accordance with its applicable terms or upon agreement by the parties, is hereby rejected effective as of the date set forth on **Exhibit 1** (the "Rejection Date").

2.  Nothing herein shall prejudice the rights of the Debtors to (i) assert that (a) the Rejected Contract was terminated prior to the Rejection Date, (b) any claim for damages arising from the rejection of the Rejected Contract is limited to the remedies available under any applicable termination provision of the Rejected Contract, or (c) any such claim is an obligation of a third party, and not that of the Debtors or their estates, or (ii) otherwise contest any claims that may be asserted in connection with the Rejected Contract.

3.  Claims arising out of the rejection of the Rejected Contract must be filed within thirty (30) days of entry of this Order, and the failure to file a timely claim shall forever prohibit the counterparty of the Rejected Contract from asserting a claim for damages arising from the

rejection and from receiving any distribution on account of such claims from the Debtors' estates or otherwise.

4. Notwithstanding Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5. The requirements set forth in Bankruptcy Rule 6006 are satisfied.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Rejection Notice and the Procedures Order.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: May 19th, 2020**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

26515465.1