**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLUESTEM BRANDS, INC., [1] | Case No. 20-10566 (MFW) |
| Debtor. | **Obj. Deadline: December 16, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: December 23, 2025 at 11:30 a.m. (ET)** |

**PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF A FINAL DECREE CLOSING CHAPTER 11 CASE AND TERMINATING CLAIMS AND NOTICING SERVICES**

Province Inc., in its capacity as plan administrator ("Plan Administrator") as provided in the *Joint Chapter 11 Plan of Bluestem Brands, Inc. and Its Debtor Affiliates* [Docket No. 409] (as amended, supplemented, or otherwise modified from time to time, the "Plan"), by and through its counsel, hereby moves the court, pursuant to section 350(a) of title 11 of the United States Code ("Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 3022-1(a) of the local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Court"), for entry of a final decree ("Final Decree") closing the above captioned Debtor's ("Debtor") remaining chapter 11 case ("Chapter 11 Case") and terminating the claims and noticing services provided by Kroll Restructuring Administration LLC[2] ("Kroll"), the Debtor's claims and noticing agent, as provided in the proposed form of order and granting any related relief. In support of this motion ("Motion"), the Plan Administrator respectfully represents as follows.

[1] The last four digits of the Debtor's federal tax identification number are 5164, and the Debtor's mailing address is 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344. The chapter 11 cases of the following affiliates of the Debtor were closed effective as of August 31, 2020: Appleseed's Holdings, Inc. (9117); Blair LLC (1670); Bluestem Enterprises, Inc. (1237); Bluestem Fulfillment, Inc. (5931); Bluestem Sales, Inc. (1539); Draper's &Damon's LLC (2759); Gold Violin LLC (0873); Haband Company LLC (8496); Home Forever LLC (2324); Johnny Appleseed's, Inc. (5560); Norm Thompson Outfitters LLC (8344); Northstar Holdings Inc. (6823); Orchard Brands Corporation (6322); Orchard Brands International, Inc. (8962); Orchard Brands Sales Agency, LLC (8855); Value Showcase LLC (2920); and WinterSilks, LLC (0688). See Chapter 11 Case No. 20-10566 (MFW), Docket No. 787.

[2] Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC. There has not been any change in the company's leadership, ownership, or organizational structure.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A), and, pursuant to Local Rule 9013-1(f), the Plan Administrator consents to the entry of a final order by the Court if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue for this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1.

## BACKGROUND

4. On March 9, 2020 (the "Petition Date"), each of the Debtors commenced a case by filing petitions for relief under Chapter 11 of the Bankruptcy Code.

5. On August 21, 2020, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of Bluestem Brands, Inc. and Its Debtor Affiliates* [Docket No. 744] ("Confirmation Order"), confirming the Debtors' Plan. The Plan went effective on August 28, 2020 ("Effective Date") [Docket No. 782]. In accordance with the Confirmation Order, the Plan Administrator was appointed.

6. The Plan and Confirmation Order provide for the appointment of the Plan Administrator on the Effective Date.

7. Each of the Debtor's and Official Committee of Unsecured Creditors' professionals have filed a final fee application (collectively, the "Final Fee Applications") [Docket Nos. 835,

840, 844, 845, 850, 854, 855, 856, 861, and 863], and an omnibus order has been entered approving such Final Fee Applications. *See* Docket No. 916.

8. As of the date of this Motion, the Plan Administrator is not aware of any litigation that would affect the relief requested herein. No matters relating to this Chapter 11 Case are pending before this Court, and the Plan Administrator does not anticipate that any additional matters relating to the Chapter 11 Case will come before this Court.

**RELIEF REQUESTED AND BASIS THEREOF**

9. The Plan Administrator is seeking entry of a final decree order, substantially in the form submitted herewith, closing the Chapter 11 Case and terminating the claims and noticing services provided by Kroll.

10. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

11. The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. Bankruptcy courts in the Third Circuit have held that "[f]ull administration occurs for purposes of § 350(a) when all property of the estate has been distributed and creditors have been paid." *In re Guterl Special Steel Corp.*, 316 B.R. 843, 861 (Bankr. W.D. Pa. 2004). Courts have also held that a debtor's estate is fully administered when the remaining tasks to be carried out in closing the case are ministerial in nature. *Id.* at 861–62.

12. The Advisory Committee Note (1991) to Bankruptcy Rule 3022 ("Advisory Note") comments that "***[e]ntry of a final decree closing a chapter 11 case should not be delayed solely***

***because the payments required by the plan have not been completed.***" (emphasis added). The Advisory Note also sets forth certain factors that a court should consider when evaluating whether a case has been fully administered. These factors are as follows:

a. whether the order confirming the plan has become final;

b. whether deposits are required by the plan have been distributed;

c. whether the property proposed by the plan to be transferred has been transferred;

d. whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;

e. whether payments under the plan have commenced; and

f. whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bank. P. 3022, Adversary Committee Note (1991).

13. Courts typically use the preceding six factors to determine whether a chapter 11 case has been fully administered. *See*, *e.g.*, *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999); *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990); *In re SLI, Inc.*, 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005). The factors listed in the Advisory Note are not considered exhaustive, nor must a party demonstrate all the factors before the court may find a case to be fully administered. *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994); *In re Swiss Chalet, Inc.*, 485 B.R. 47, 51 (Bankr. D.P.R. 2012); *In re Union Home & Indus., Inc.*, 375 B.R. 912, 917 (B.A.P. 10th Cir. 2007). Rather, these factors are employed by courts as a guide to assist in the determination of whether a case is fully administered. *In re Mold Makers, Inc.*, 124 B.R. at 768; *In re SLI, Inc.*, 2005 WL 1668396, at *2; *see also In re Omega Optical, Inc.*, 476 B.R. 157, 167 (Bankr. E.D. Pa. 2012) ("A

court should review each request for entry of a final decree on a case-by-case basis and analyze the factors set forth in Rule 3022, along with any other relevant factors, in determining whether an estate has been fully administered[.]") (citation omitted).

14. The Advisory Note also advises that a court "should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future." Additionally, "a final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the [Bankruptcy] Code." Indeed, Bankruptcy Rule 3022 was amended to:

> set forth a flexible Rule to permit the court to determine that ***an estate is fully administered and should be closed even though payments or other activities involving the debtor and its creditors might continue***. . . . As is evident by the Committee note, the Advisory Committee interprets "fully administered" very loosely and encourages courts to use substantially more discretion in deciding whether to close a [c]hapter 11 case th[a]n Code § 350 and the Rule literally read.

*In re Gould*, 437 B.R. 34, 37-38 (Bankr. D. Conn. 2010) (quoting Fed. R. Bankr. P. 3022 ed. cmt.) (emphasis added).

15. The Chapter 11 Case has been "fully administered" within the meaning of section 350 of the Bankruptcy Code, and the Plan has been substantially consummated within the meaning of section 1102 of the Bankruptcy Code, making it appropriate for the Court to enter a Final Decree closing the Chapter 11 Case. Among other things, all expenses arising from the administration of these cases, including final distributions under the Plan, court fees, and fees required under 28 U.S.C. § 1930(a)(6), will be paid within thirty (30) days of closure of the case. Moreover, the Plan has been substantially consummated in all respects.

16. Additionally, the Plan Administrator will make a single distribution to general unsecured creditors prior to entry of any order granting the relief requested herein, with no additional recoveries or distributions contemplated.

17. In addition to the foregoing, the Plan Administrator also requests that the proposed Final Decree provide for termination of the claims agent and noticing services (the "Claims and Noticing Services") performed by Kroll pursuant to that certain *Order Authorizing the Appointment of Prime Clerk LLC as Claims and Noticing Agent* [Docket No. 60] ("Kroll 156(c) Order") and the underlying services agreement. Upon termination, and except as otherwise provided herein, Kroll shall have no further obligations (arising out of the services agreement, the Kroll 156(c) Order, or otherwise) to the Court, the Plan Administrator, or any of the other Debtors, or any party in interest with respect to the official claims agent and noticing services in the Chapter 11 Case or the chapter 11 case of any other Debtor. In accordance with Local Rule 2002-1(e)(ix), within twenty-eight (28) days after entry of a final decree, Kroll shall: (i) forward to the Clerk an electronic version of all proofs of claim, (ii) upload the creditor matrix into CM/ECF, and (iii) docket a final claims register. Once the electronic copies of the claims have been received by the Clerk, Kroll may destroy all proofs of claim in its possession after sixty (60) days.

18. In accordance, with Local Rule 3022-1(a)(ii), the Plan Administrator has attached its verified final report describing the fees and expenses awarded to the retained professionals who rendered services during the pendency of the chapter 11 cases ("Verified Final Report"), attached hereto as **Exhibit B**. Subject to the Court's review and approval of the Verified Final Report, the Court's role in the administration of the Chapter 11 Case is complete.

19. In light of the foregoing, the Plan Administrator respectfully submits that ample justification exists for entry of a final decree closing the Chapter 11 Case.

## NOTICE

20. The Plan Administrator has served this Motion on the United States Trustee and all parties requesting notice pursuant to Rule 2002 of the Bankruptcy Rules. In light of the nature of the relief requested herein, the Plan Administrator respectfully submits that no other or further notice is required.

## NO PRIOR REQUESTS

21. No prior request for the relief sought herein has been made by the Plan Administrator to this or any other Court.

## CONCLUSION

22. For the reasons set forth above, the Court should exercise its discretion to find that the Chapter 11 Case has been "fully administered" and should be closed.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Plan Administrator respectfully submits that this Court enter an order, in substantially the form attached hereto as **Exhibit A**, closing the Chapter 11 Case and directing entry of a final decree, and granting such other and further relief as the Court may deem just and proper.

Dated: December 2, 2025
Wilmington, Delaware

**MORRIS JAMES LLP**

*/s/ Jason S. Levin*
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
Jason S. Levin (DE Bar. No. 6434)
3205 Avenue North Blvd., Suite 100
Wilmington, DE 19803
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
E-mail: bkeilson@morrisjames.com
E-mail: jlevin@morrisjames.com

*Counsel to Province Inc., in its capacity as the Plan Administrator pursuant to the First Amended Joint Chapter 11 Plan*